[Cite as *State v. Schell*, 2019-Ohio-2895.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 28972 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ERIC A. SCHELL | AKRON MUNICIPAL COURT COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 17 CRB 06166 |

DECISION AND JOURNAL ENTRY

Dated: July 17, 2019

HENSAL, Judge.

{¶1} Eric Schell appeals his convictions for criminal damaging and criminal trespassing in the Akron Municipal Court. For the following reasons, this Court affirms.

I.

{¶2} Mr. Jones hired a fencing company to install a fence along the property line he shared with Mr. Schell. After the fencing company set the posts for the fence in concrete, Mr. Schell allegedly shook one of the posts, requiring the company to re-set it. Officer Anthony Molea, who was providing security during the installation, subsequently charged Mr. Schell with one count of criminal damaging and one count of criminal trespassing. A jury found Mr. Schell guilty of the offenses, and the municipal court sentenced him to 60 days in jail, which it suspended. Mr. Schell has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

APPELLANT'S CONVICTION WAS BASED UPON INSUFFICIENT
EVIDENCE TO SUSTAIN CONVICTION. THE TRIAL COURT ERRED BY
DENYING APPELLANT'S CRIM.R. 29 MOTION.

{¶3} Mr. Schell argues that the trial court incorrectly denied the motion for acquittal that he made after the State rested its case. Under Criminal Rule 29(A), a defendant is entitled to a judgment of acquittal on a charge against him "if the evidence is insufficient to sustain a conviction * * *." Whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). In making this determination, we must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶4} Officer Molea charged Mr. Schell with criminal damaging and criminal trespassing. The criminal damaging statute provides that no person, by any means, shall knowingly "cause, or create a substantial risk of physical harm to any property of another without the other person's consent[.]" R.C. 2909.06(A)(1). "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist." R.C. 2901.22(B). The criminal trespass statute provides, in part, that no person, without privilege to do so, shall

[r]ecklessly enter or remain on the land or premises of another, as to which notice against unauthorized access or presence is given by actual communication to the offender, or in a manner prescribed by law, or by posting in a manner reasonably calculated to come to the attention of potential intruders, or by fencing or other enclosure manifestly designed to restrict access[.]

R.C. 2911.21(A)(3). "A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature." R.C. 2901.22(C).

{¶5} Regarding the criminal damaging count, Mr. Schell acknowledges that the State presented evidence that he moved one of the fence posts. He argues that there was no evidence, however, that he knew that the fence post had been sunk in concrete or that moving the post would cause damage.

{¶6} According to Officer Molea, Mr. Schell was belligerent as the fence was going up, saying disrespectful things to him and the fencing company workers, and monitoring the project to make sure the workers were not crossing onto his property. Ten minutes after the company put in the last post, the officer was standing in front of Mr. Jones's garage when Mr. Jones's wife came out of her house and alleged that Mr. Schell had just damaged the fence. Officer Molea walked over to the post and noticed that it looked like someone had rocked the post back and forth because there was a gap between the concrete and the soil. After learning that Mr. Jones had a surveillance system, Officer Molea reviewed the video and saw Mr. Schell violently shaking the post.

{¶7} Viewing the evidence in a light most favorable to the State, Officer Molea's testimony established that Mr. Schell did not want the fence erected, that he shook the post back and forth violently, and that the concrete in the hole was visible. Although there was no direct evidence that Mr. Schell knew that shaking the post would cause damage, a rational trier of fact

could reasonably infer that Mr. Schell would have known that disturbing something that had just been placed in concrete could disrupt the setting process. We, therefore, conclude that there was sufficient evidence that Mr. Schell committed criminal damaging.

{¶8} Regarding the criminal trespass charge, Mr. Schell notes that the charge was based exclusively on his touching the post on Mr. Jones's property. Mr. Schell argues that the State failed to prove, however, that the line marked by the surveyor was the actual property line. He, therefore, argues that his touching of the post was not even a reckless entrance onto Mr. Jones's property.

{¶9} Officer Molea testified that the post that Mr. Schell shook was on the property of Mr. Jones. Mr. Jones testified that he did not give Mr. Schell permission to touch the post or be on his property. Mr. Jones also testified that he hired a surveyor to mark the property line, that he observed the surveyor run a string along the property line, and that the fencing company built the fence on his side of the line. Viewing their testimony in a light most favorable to the State, we conclude that there was sufficient evidence that the post Mr. Schell touched was on Mr. Jones's property. We, therefore, conclude that the trial court did not err when it denied Mr. Schell's motion for acquittal. Mr. Schell's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE JURY VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶10} Mr. Schell also argues that his convictions are against the manifest weight of the evidence. If a defendant asserts that a conviction is against the manifest weight of the evidence,

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). Weight of the evidence pertains to the greater amount of credible evidence produced in a trial to support one side over the other side. *Thompkins*, 78 Ohio St.3d 380, at 387. An appellate court should only exercise its power to reverse a judgment as against the manifest weight of the evidence in exceptional cases. *State v. Carson*, 9th Dist. Summit No. 26900, 2013-Ohio-5785, ¶ 32, citing *Otten* at 340.

{¶11} Mr. Schell argues that the weight of the evidence shows that he did not knowingly damage any of Mr. Jones's property or trespass on Mr. Jones's land. He argues that the exhibits he submitted demonstrate that the post in question was actually on his land. He also contends that he did not shake or damage the post. He further argues that, even if he did touch the post, there was no evidence that he knew it would dislodge the post from its foundation.

{¶12} To support his testimony that the post was actually on his land, Mr. Schell presented three photographs. One of the photographs shows a fence post bending the string that the surveyor had run along the property line. Mr. Schell argued at trial that, if the post was on his land, he could not be convicted of the offenses.

{¶13} The State argues that Mr. Schell was inconsistent in his testimony about whether he touched the post or not. It also argues that he did not merely touch the post, but shook it violently, which he would have known would cause damage to a post that had not had time to set in concrete. Regarding the criminal trespass offense, the State argues that it was unclear when the pictures were taken. It notes that, if the pictures were taken after Mr. Schell shook the post, the fact that it is pressing against the string could be because Mr. Schell loosened it. The State also argues that, because the picture of the post pressing against the string is close-up, it is possible that someone is pulling the top of the post to cause it to lean against the string.

**{¶14}** "[T]he weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeHass*, 10 Ohio St.2d 230 (1967), paragraph one of the syllabus. "In reaching its verdict, the jury was in the best position to evaluate the credibility of the witnesses and it was entitled to believe all, part, or none of the testimony of each witness." *State v. Shank*, 9th Dist. Medina No. 12CA0104-M, 2013-Ohio-5368, ¶ 29. Upon review of the record, we cannot say that the jury lost its way when it discounted the testimony of Mr. Schell and the exhibits he submitted and chose to believe the testimony of Officer Molea and Mr. Jones. We conclude that Mr. Schell's convictions are not against the manifest weight of the evidence. Mr. Schell's second assignment of error is overruled.

III.

**{¶15}** Mr. Schell's assignments of error are overruled. The judgment of the Akron Municipal Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER L. HENSAL
FOR THE COURT

CARR, P.J.
SCHAFER, J.
CONCUR

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

EVE V. BELFANCE, Director of Law, and BRIAN D. BREMER, Assistant Director of Law, for Appellee.